IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELIZABETH HINSHAW         *
                          *
         v.               *     Civil No. JFM-06-2340
                          *
HEAVYWEIGHT TITLE COMPANY  *
                        *****

MEMORANDUM

Plaintiff resigned her employment with defendant after defendant's male employees allegedly subjected her to sexual propositions, sexual jokes, touching, and other exceedingly rude conduct. The only claim she asserts in this action is for abusive discharge under Maryland law. She does not (as she evidently would be entitled to do) assert any claim for sexual harassment under Maryland or federal law.

As the very name of the tort implies, an action for abusive discharge generally requires that the plaintiff has been discharged from her employment. Although plaintiff concedes that she was not discharged (but resigned instead), she alleges that she may nevertheless pursue her claim because the conduct allegedly engaged in by defendant's employees was "so intolerable that a reasonable person in the employee's place would have felt compelled to resign." *Beye v. Bureau of National Affairs*, 59 Md. App. 642, 653, 477 A.2d 1197, 1202 (Md. Ct. Spec. App. 1984), (*cert. denied*, 301 Md. 639, 484 A.2d 274 (Md. 1984). Although arguably a plaintiff must further allege that her employer deliberately made or allowed her working conditions to become intolerable in order to force her to quit, *see generally* Stanley Mazaroff & Todd Horn, *Maryland Employment Law* §3.04 at 3-69 (2d ed. 2006), I will assume that the allegations plaintiff does make are sufficient to meet the "discharge" element of her claim.

Plaintiff's claim nevertheless fails. As a general proposition, an action for abusive

discharge will not lie for employment-related discrimination covered by the Maryland Fair Employment Practices Act or Title VII of the Civil Rights Act of 1964. *See Makovi v. Sherman-Williams Co.*, 316 Md. 603, 626, 561 A.2d 179, 190 (Md. 1989). Plaintiff seeks to circumvent this rule by relying upon *Insignia Residential Corp. v. Ashton*, 359 Md. 560, 755 A.2d 1080 (Md. 2000). In *Insignia*, the Maryland Court of Appeals upheld an abusive discharge claim based upon plaintiff's allegation that her employment was terminated because she rebuffed her supervisor's repeated demands that she sleep with him. The court found that in addition to constituting sexual harassment, the supervisor's demand that she engage in sex with him as a condition of her employment was tantamount to prostitution prohibited by Maryland statutory law. Thus, the court held that plaintiff had been discharged in violation of a clear and independent mandate of public policy.

The flaw in plaintiff's argument is that in this case plaintiff has not alleged that she was discharged because she rebuffed the sexual propositions allegedly made to her by defendant's employees. Rather, she merely alleges that these propositions, taken together with the employees' alleged other crude and sexually offensive remarks and conduct, created a hostile work environment that became so intolerable that she quit. In other words, plaintiff's claim is simply one for employment discrimination which, under *Makovi*, is not actionable as a claim for abusive discharge.[1]

---

[1] Plaintiff also relies upon *Watson v. People's Ins. Co.*, 322 Md. 467, 588 A.2d 760 (Md. 1991). In *Watson* the court upheld an abusive discharge claim where the plaintiff had been discharged for having filed an assault and battery claim against a co-employee for sexually attacking her. The court found that plaintiff's discharge violated Maryland public policy in favor of encouraging a person who has been degradingly assaulted to seek legal recourse against the wrongdoer. *Watson* actually supports defendant, however, because in *Watson* the court made clear that hostile work environment claims (even including one for retaliation by the employer

A separate order granting defendant's motion to dismiss is being entered herewith.

Date: November 14, 2006         /s/
                                J. Frederick Motz
                                United States District Judge

---

itself) themselves do not give rise to an action for abusive discharge. 322 Md. at 480, 588 A.2d at 766.